UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON MONTGOMERY, | No.  2:15-cv-1220 AC P |
| Petitioner, | |
| v. | ORDER |
| S. PERRY, | |
| Respondents. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On July 2, 2015, petitioner filed a motion to stay and abey his federal habeas petition in order to exhaust state court remedies.  ECF No. 7.  Petitioner has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a).  ECF No. 5.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).  Petitioner does not require leave of this court to file a petition in the California Supreme Court.

1

When a federal petition contains both exhausted and unexhausted claims (a so-called "mixed petition"), it may under some circumstances be stayed pending further exhaustion. A federal habeas court may stay a mixed petition and hold it in abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005). Under Rhines, stay and abeyance are available only where (1) good cause is shown for petitioner's failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially have merit, and (3) there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Rhines, 544 U.S. at 277-78.

The Ninth Circuit provides an alternative stay procedure that requires withdrawal of the unexhausted claims. See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing three-step procedure of Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003)). Under Kelly, the court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims. Id. (citing Kelly, 315 F.3d at 1070-71). Once the additional claims have been exhausted, the petitioner may amend his petition to add them back to the petition. This procedure does not require a showing of cause, but presents the possibility that petitioner's claims may be time-barred for federal purposes once they are exhausted. Id. at 1135, 1140. The court may deny a request for stay under Kelly if it is clear that newly-exhausted claims would be time-barred. See id. at 1141.

Petitioner's motion does not specify whether the stay is sought under Rhines or Kelly and does not identify which claims are unexhausted or the legal basis for the requested stay. Id. The court will therefore deny plaintiff's motion without prejudice to a motion in the proper form. Any such motion must specify the exhausted and unexhausted claims, identify the legal basis for the requested stay, and make the showing required by the governing law. If petitioner does not move for a stay and the petition is in fact mixed, the petition will be subject to dismissal on respondent's motion following service. Petitioner is not required to await an order from this court staying the instant action before returning to state court to properly exhaust his state court remedies.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to stay is denied without prejudice to a motion in proper form. If plaintiff seeks a stay pending exhaustion of

1 | unexhausted claims, he must file a motion for a stay and abeyance within thirty days of the filing
2 | of this order. The motion must be in accordance with the appropriate procedures.
3 | DATED: July 16, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE