UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON MONTGOMERY, | No. 2:15-cv-1220 AC P |
| Petitioner, | |
| v. | ORDER |
| S. PERRY, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pros se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). ECF No. 5.

On July 2, 2015, petitioner filed a motion to stay and abey his federal habeas petition in order to exhaust state court remedies. ECF No. 7. Because petitioner did not specify whether he sought a stay under Rhines[1] or Kelly,[2] which claims were unexhausted, or the legal basis for the requested stay, his motion was denied without prejudice to a motion in the proper form. ECF No. 8. Petitioner was given thirty days to file a motion for stay and abeyance that complied with the appropriate procedures, which were set forth in the order. Id. Petitioner has now filed another

---

[1] Rhines v. Weber, 544 U.S. 269 (2005).
[2] Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).

1

motion for a stay and abeyance.  ECF No. 10.

In his motion, petitioner states that he seeks a stay under Rhines "for good cause that [he is] exhausting numerous unexhausted issues."  Id.  He then states he is exhausting issues "such as no Probable Cause, Malic[i]ous Prosecution, 3 forms of ineffective co[u]nsel," and "a few other very good issues illegal criminal acts committed to obtain an illegal conviction."  Id.  He also states that he does not have access to the law library and does not know how to use a computer.  Id.

Petitioner was advised that in order to obtain a stay of a petition containing both exhausted and unexhausted claims under Rhines, he must show (1) good cause for his failure to have first exhausted the claims in state court, (2) that the claim or claims at issue potentially have merit, and (3) that he has not been intentionally dilatory in pursuing the litigation.  Rhines, 544 U.S. at 277-78.  Petitioner appears to argue that the good cause for granting his request for a stay is that he is currently pursuing exhaustion of his state court remedies and that he does not have access to the law library.  ECF No. 10.  However, the fact that petitioner may be currently pursuing his state court remedies does not establish good cause for not doing so prior to filing his federal habeas petition.  It is also not clear from the motion whether petitioner is claiming that he has no access to the law library or that his access is only limited.  Nor does he state how long library access has been an issue.

With respect to the second Rhines factor, though petitioner lists several issues that he is exhausting, it is unclear whether they potentially have merit, as it appears that at least some of the issues he lists are not currently included in the petition and he has not provided any information about the factual basis for these claims.  It does not appear that the petition includes grounds related to probable cause or malicious prosecution, and though there are claims of ineffective assistance of counsel, it is not clear how many, if any, of the "3 forms" referenced by petitioner in his motion are included in the petition.  It is also impossible for the court to evaluate any potential merit of the vague claims for "illegal criminal acts."

As for the final Rhines factor, petitioner has not offered any evidence from which the court could determine that he has not been intentionally dilatory in pursuing litigation.  Though

petitioner alleges limited or non-existent law library access, he offers no additional information as to how long this limitation has existed or what steps he has taken to actively pursue litigation.

Finally, on the current record, it is impossible for the court to determine whether the grounds in the petition are completely exhausted, partially exhausted, or not at all exhausted. The status of the issues in the petition is relevant to the type of stay sought. If all the issues in the petition in are exhausted and petitioner is simply seeking to stay the case so that he can exhaust additional claims, then a stay under Kelly would be appropriate rather than a stay under Rhines.[3] Based on the information provided in the petition, it appears that petitioner may have already exhausted his state remedies as to the claims contained therein (ECF No. 1 at 2-3) and is in fact simply seeking to stay the proceedings so that he may exhaust his state remedies as to additional claims. Alternatively, if the court finds a stay under Rhines is not warranted, the status of the issues in the petition will be relevant to the subsequent action taken in this case.

For these reasons, petitioner's motion for a stay and abeyance will be denied without prejudice. Petitioner will be given one more opportunity to file a motion for stay in the proper form. The motion must specifically identify which, if any, of the claims within the petition are unexhausted. If the petition does in fact contain both exhausted and unexhausted claims, then petitioner must address each of the Rhines factors if he seeks to have the entire petition stayed pending exhaustion of his state remedies on his unexhausted claims. If all the claims in the petition have already been exhausted, then petitioner must clarify that he is seeking the stay in order to exhaust additional claims that are not currently included in the petition. Regardless of the exhaustion status of the present federal petition, if petitioner intends to exhaust claims that are not included in that petition he must attach them to his motion for a stay.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to stay is denied without prejudice to a motion in proper form. If plaintiff seeks a stay pending exhaustion of

/////

---

[3] Under Kelly, the court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims which may be added back to the petition by amendment once they are ehxausted. King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1070-71).

3

1  unexhausted claims, he must file a motion for stay and abeyance within thirty days of the filing of
2  this order.  The motion must be in accordance with the appropriate procedures.
3  DATED: August 25, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE