UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON MONTGOMERY, | No. 2:15-cv-1220 AC P |
| Petitioner, | |
| v. | ORDER |
| S. PERRY, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pros se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). ECF No. 5. Currently before the court are petitioner's motion for stay and abeyance (ECF No. 12) and motion to proceed in forma pauperis (ECF No. 13).

On July 2, 2015, petitioner filed a motion to stay and abey his federal habeas petition in order to exhaust state court remedies. ECF No. 7. Because petitioner did not specify whether he sought a stay under Rhines[1] or Kelly,[2] which claims were unexhausted, or the legal basis for the requested stay, his motion was denied without prejudice to a motion in the proper form. ECF No. 8. Petitioner was given an opportunity to file a motion for stay and abeyance that complied with

---

[1] Rhines v. Weber, 544 U.S. 269 (2005).
[2] Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).

1

the appropriate procedures, which were set forth in the order (id.), and on September 13, 2015, he filed another motion for a stay and abeyance (ECF No. 10).  That motion was denied without prejudice because petitioner had failed to provide the information required by the court in order to determine if a stay pursuant under Rhines was appropriate.  ECF No. 11.  Petitioner has now filed a third motion for stay and abeyance.  ECF No. 12.

In denying the second motion, the court again advised petitioner that in order to obtain a stay of a petition containing both exhausted and unexhausted claims under Rhines, he must show (1) good cause for his failure to have first exhausted the claims in state court, (2) that the claim or claims at issue potentially have merit, and (3) that he has not been intentionally dilatory in pursuing the litigation.  ECF No. 11 at 2 (citing Rhines, 544 U.S. at 277-78).  The court also advised that if all the issues in the petition have already been exhausted, and petitioner is seeking to stay the case so that he can exhaust additional claims, then a stay under Kelly is appropriate rather than a stay under Rhines.[3]  Id. at 3.  In granting petitioner an opportunity to file another motion to stay, the court directed him to specifically identify which, if any, of the claims within the petition are unexhausted and to address each of the Rhines factors.  Id.  Petitioner has failed to do so.  ECF No. 12.  It appears that a stay under Kelly may be what petitioner seeks, but the court requires additional information in order to decide whether such a stay is appropriate.

In his latest request, petitioner again states that he seeks to exhaust claims for "Malicious Prosecution, a serious Brady Violation, No Probable cause issues, and three forms of IAC claim," and that he is "only guessing" that he requires a stay under Rhines.  ECF No. 12.  However, he fails to specify whether the two claims currently stated in his petition have been exhausted.  Id.  As previously noted, the petition indicates that petitioner has in fact already exhausted his state remedies as to the claims contained in the petition.  ECF No. 1 at 2-3.  However, one of the claims in the petition is for ineffective assistance of counsel (id. at 3), and petitioner claims that he is seeking to exhaust "three forms of IAC claim" without specifying the factual basis for those

---

[3] Under Kelly, the court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims which may be added back to the petition by amendment once they are exhausted.  King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1070-71).

claims (ECF No. 12). Therefore, petitioner must advise whether he has already exhausted the claims in the petition. Specifically, (1) that the trial court erred in failing to instruct the jury on the lesser included offense of battery and (2) that the trial court erred by failing to instruct the jury it could consider petitioner's intoxication and that trial counsel was ineffective because he failed to request such an instruction. If petitioner fails to clarify the status of his state court exhaustion of these claims, the motion to stay will be denied and the court will order service of the original petition.

With respect to petitioner's motion to proceed in forma pauperis (ECF No. 13), this motion will be denied as moot because court records indicate that petitioner paid the filing fee on September 3, 2015.

Accordingly, IT IS HEREBY ORDERED that:

1. Within twenty-one days of the filing of this order, petitioner must advise the court whether he has exhausted the following claims in state court: (1) that the trial court erred in failing to instruct the jury on the lesser included offense of battery and (2) that the trial court erred by failing to instruct the jury it could consider petitioner's intoxication and that trial counsel was ineffective because he failed to request such an instruction. If petitioner fails to provide the requested clarification, the motion to stay will be denied and the case will order service of the original petition.

2. Petitioner's motion to proceed in forma pauperis (ECF No. 13) is denied as moot.

DATED: October 15, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE