UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON MONTGOMERY,<br><br>    Petitioner,<br><br>    v.<br><br>S. PERRY, et al.,<br><br>    Respondents. | No. 2:15-cv-1220 GEB AC P<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently before the court are petitioner's motion for an order granting law library access (ECF No. 20), motion for reconsideration (ECF No. 31), and motion for stay (27).

I.    <u>Motion for Court Order</u>

Petitioner has filed a motion stating that his yard is on lock down and asking that the court "give CCI an order for [him] to have PLU status so no matter what [he] can go to the Law Library." ECF No. 20. He also requests a copy of the rules of the court. <u>Id.</u>

The court will construe the motion as a request for an extension of time based on petitioner's limited law library access. However, petitioner does not currently have any deadlines pending in this action and the motion will be denied. In the future, if petitioner requires additional time to meet a deadline because of his limited law library access or any other reason,

1

he may file a motion for an extension of time.  In requesting extra time, petitioner does not need to cite to any law, he need only tell the court what he needs extra time to do and explain how much extra time he would like and why he needs the extra time.  With respect to petitioner's request for a copy of the rules of the court, the Federal Rules of Civil Procedure, the Local Rules, and the Rule Governing Habeas Corpus Cases Under § 2254 are available online and should be available to petitioner in the law library.  This request will also be denied.

II.     Motion for Reconsideration

Petitioner has filed a motion for reconsideration of the order denying his application to proceed in forma pauperis as moot. ECF No. 31.  The court will construe the motion as a renewed application to proceed in forma pauperis and request for refund of the filing fee.

Petitioner appears to indicate that he intended to pay the filing fee from his prison account, but because he was afraid of what would happen if the payment was delayed, he wrote to his mother and asked her to pay the filing fee as soon as possible.  Id.  Court records show that the filing fee was paid by money order and processed on September 3, 2015.  Petitioner's application to proceed in forma pauperis was received less than two weeks later.  ECF No. 13.  Although petitioner indicates that he intended to pay the filing fee himself, examination of the in forma pauperis application reveals that he is unable to afford the costs of suit.  Id.  Accordingly, the application to proceed in forma pauperis will be granted and the filing fee will be refunded to petitioner's mother.

Before the Clerk of the Court can refund the filing fee, petitioner must provide his mother's name and current address.

III.    Motion for Stay

A.     Procedural History

Also before the court is petitioner's fourth motion for stay and abeyance.  ECF No. 27. Petitioner's first two motions were denied without prejudice because they were not in the proper form.  ECF Nos. 8, 11.  The third motion was denied because petitioner failed to provide the supplemental information regarding exhaustion that was necessary to determine whether a stay

////

1 under Kelly v. Small[1] was appropriate. ECF No. 15. Petitioner's latest motion assets that he did

2 respond to the order requiring he provide clarification, and that his response must have been

3 mishandled by prison staff. ECF No. 27. He further clarifies that the petition before the court is

4 fully exhausted. Id. Respondent was given an opportunity to respond to the motion for stay (ECF

5 No. 29) and opposes the motion (ECF No. 32).

      B.      Legal Standards

Habeas petitioners are required to exhaust state remedies before seeking relief in federal court. 28 U.S.C. § 2254(b). The exhaustion doctrine ensures that state courts will have a meaningful opportunity to consider allegations of constitutional violations without interference from the federal judiciary. Rose v. Lundy, 455 U.S. 509, 515 (1982). A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting them to the federal court. Baldwin v. Reese, 541 U.S. 27, 29 (2004).

Under Kelly, the court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims. King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1070-71). Once the additional claims have been exhausted, the petitioner may amend his petition to add them to the petition. Id. This procedure does not require a showing of good cause, but presents the possibility that petitioner's claims may be time-barred for federal purposes once they are exhausted. Id. at 1135, 1140-41. The court may deny a request for stay under Kelly if newly-exhausted claims would be time-barred. See id. at 1141-43.

Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. The one-year clock commences from one of several alternative triggering dates. 28 U.S.C. § 2244(d)(1). In this case it appears that the triggering date is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

---

[1] 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds, Robbins v. Carey, 481 F.3d 1143 (2007).

C.     Discussion

Respondent first argues that the motion for stay should be denied because petitioner had ample opportunity to comply with the court's orders to provide supplemental information but failed to do so in a timely manner, resulting in the denial of his previous motions. ECF No. 32 at 2-3. Respondent implies, without offering any evidence, that petitioner falsified the date on his letter filed on February 24, 2016 (ECF No. 30). ECF No. 32 at 2-3. The letter, dated November 2, 2015, would have been a timely response to the court's October order for clarification if it was submitted for mailing on that date. ECF No. 30. The mishandling of prisoner mail, though perhaps not as common as prisoners may claim, is far from an unheard of occurrence within the CDCR. Absent evidence from respondent, such as legal mail logs showing petitioner did not mail anything to the court on or around November 2, 2015, the date on the letter is the presumptive filing date. See Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003) (date petition is signed may be considered earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule), overruled on other grounds, Pace v. DiGuglielmo, 544 U.S. 408 (2005). Accordingly, the court does not find that petitioner failed to timely respond to the October order for clarification and the stay will not be denied on that ground.

Respondent next asserts that the California Supreme Court denied petitioner's direct appeal on March 12, 2014, and because petitioner did not petition for certiorari, judgment became final on June 10, 2014, beginning the statute of limitations period. ECF No. 32 at 4. Respondent further argues that absent tolling, petitioner's deadline to file a federal habeas petition was June 10, 2015, and any new claims would therefore be untimely unless they relate back to the original complaint. Id.

Although respondent offers no evidence to support the assertion that petitioner's direct appeal was denied by the California Supreme Court on March 12, 2014, petitioner does not challenge the representation and the California Supreme Court's electronic docket[2] reflects that

---

[2] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (continued)

4

1  petitioner's direct appeal was denied on that date.[3] Respondent's assertion that petitioner did not

2  petition for certiorari, on the other hand, is contradicted by the petition, which is signed under

3  penalty of perjury and affirms that petitioner filed a petition for certiorari with the United States

4  Supreme Court.  ECF No. 1 at 3.

5       "Finality attaches [to the judgment] when [the United States Supreme Court] affirms a

6  conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the

7  time for filing a certiorari petition expires."  Clay v. United States, 537 U.S. 522, 528 (2003).

8  Because the petition states that petitioner did file a petition for certiorari, it is not clear on the

9  present record that the statute of limitations expired on June 10, 2015, as respondent argues.  Nor

10 is it clear on what date judgment became final.  Accordingly, the undersigned cannot find that the

11 claims petitioner wishes to exhaust would necessarily be untimely unless they relate back to the

12 original complaint.[4]

13     D.    Conclusion

14      Because it is not clear that petitioner's unexhausted claims would be time-barred and a

15 stay under Kelly does not require a showing of good cause, the undersigned will recommend that

16 petitioner's motion for stay and abeyance be granted.

17      In recommending the motion for stay be granted, the court indicates no opinion as to

18 whether petitioner's currently unexhausted claims will be timely once they are exhausted and

19 brought in this court.  Nor does the court make any representation that petitioner will not be

20 subject to procedural or other challenges in the state court.  Petitioner is cautioned that under the

21 Kelly procedure, he runs an increased risk that his unexhausted claims will be untimely and will

22 not "relate back" to his original federal petition and therefore be time-barred when he returns

23

---

24 (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

25 [3] Docket for case number S215205 available at:

26 http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2063777&doc_no=S215205

27 [4] Petitioner did not file a state habeas petition (ECF No. 1 at 3) and statutory tolling under 28 U.S.C. § 2244(d)(2) does not factor into the timeliness determination.

28

1    from state court.  Mayle v. Felix, 545 U.S. 644, 664 (2005); King, 564 F.3d at 1141 ("the Kelly

2    procedure, unlike the Rhines procedure, does nothing to protect a petitioner's unexhausted claims

3    from untimeliness in the interim").

4        If the recommendation to grant the motion for stay is adopted, petitioner will be required

5    to provide the court with regular status updates.

6        IV.    Summary

7        Petitioner's motion for copies and a court order giving him PLU status is denied.  In the

8    future, if petitioner needs more time to meet a deadline because of his limited access to the law

9    library, he should file a motion that (1) tells the court what he needs extra time to do; (2) tells the

10   court how much extra time he would like; and (3) explains why he needs the extra time.

11       Petitioner's motion for reconsideration of the order denying his in forma pauperis

12   application as moot is being treated as a new motion to proceed in forma pauperis and as a

13   request to refund the filing fee to his mother.  Petitioner's request to proceed in forma pauperis is

14   granted and the filing fee will be refunded to his mother.  In order for the Clerk of the Court to

15   refund the filing fee, petitioner must provide his mother's name and address within twenty-one

16   days.

17       The undersigned recommends that petitioner's motion for a Kelly stay be granted because

18   he does not have to show good cause and it is not clear on the record that his new claims would

19   be untimely. **Petitioner is warned that the recommendation that the stay be granted does not**

20   **mean that his new claims will be timely when he moves to file an amended petition to add**

21   **them to this case.  If the claims are untimely when petitioner amends the petition, they will**

22   **be subject to dismissal.**  If the stay is granted by the District Judge, petitioner should

23   immediately start the process to exhaust his state court remedies.  The case will be

24   administratively closed.  This does not mean that the case will be dismissed.  Once petitioner asks

25   to have the stay lifted, the case will be re-opened.  While the stay is in place, petitioner will have

26   to file a status report every sixty days letting the court know what is happening with his state

27   petition.  Thirty days after the California Supreme Court issues a decision exhausting petitioner's

28   new claims, he must notify this court.  At the same time, petitioner must ask that the stay be lifted

1    and file an amended petition with all the claims he wants to make.

2      Accordingly, IT IS HEREBY ORDERED that:

3      1. Petitioner's motion for a court order and a copy of the rules of court (ECF No. 20) is
4    denied.

5      2. Petitioner's motion for reconsideration is construed as a renewed request to proceed in
6    forma pauperis and request to refund the filing fee (ECF No. 31) and is granted. Within twenty-
7    one days of service of this order, petitioner must provide his mother's name and address so that
8    the Clerk of the Court can issue a refund of the filing fee.

9      IT IS FURTHER RECOMMENDED that:

10     1. Petitioner's motion for a stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir.
11   2003), (ECF No. 27) be granted.

12     2. Petitioner be directed to immediately proceed to exhaust his state remedies.

13     3. Petitioner be directed to inform the court, within thirty days of a decision by the state's
14   highest court exhausting his new claims, and at that time request a lift of the stay and file an
15   amended petition setting forth all of his claims.

16     4. Petitioner be directed to file a case status report every sixty days, advising the court of
17   the progress of his state habeas petition.

18     5. The Clerk of the Court be directed to administratively close this case.

19     These findings and recommendations are submitted to the United States District Judge
20   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
21   after being served with these findings and recommendations, any party may file written
22   objections with the court and serve a copy on all parties. Such a document should be captioned
23   "Objections to Magistrate Judge's Findings and Recommendations." Any response to the
24   objections shall be filed and served within fourteen days after service of the objections. **Due to**
25   **exigencies in the court's calendar, no extensions of time will be granted.**[5] The parties are

---

[5] Petitioner is informed that in order to obtain the district judge's independent review and preserve issues for appeal, he need only identify the findings and recommendations to which he objects. There is no need to reproduce his arguments on the issues.

7

1  advised that failure to file objections within the specified time may waive the right to appeal the
2  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: August 19, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE