UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON MONTGOMERY,<br><br>    Petitioner,<br><br>    v.<br><br>S. PERRY,<br><br>    Respondent. | No. 2:15-cv-1220 GEB AC P<br><br><br>ORDER |

By order filed September 13, 2016, this action was stayed for the express purpose of allowing petitioner to return to state court to exhaust additional claims. ECF No. 36. The order further provided that petitioner was to file a status report every sixty days, and that once petitioner received a decision by the state's highest court exhausting his claims, he was to file a notice with this court, a request to lift the stay, and an amended petition. Id. at 2. Petitioner initially filed regular status reports, updating his address and advising the courts generally that he was working on his petition. ECF Nos. 38-48. However, petitioner's last such update, which advised the court that he was still working to present his case, was received on March 1, 2018. ECF No. 48. Now over sixteen months later, the court has received a request for court files and transcripts "[t]o move forward with seeking relief in State or Federal US Court." ECF No. 49.

Although petitioner initially continued to advise the court that he was pursuing his state court remedies, review of the online dockets for both the Third District Court of Appeal and the

California Supreme Court reveal that petitioner has not filed any petitions in those courts since his direct appeal, which was completed in 2014. United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (citation and internal quotation marks omitted)).

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." "District courts have inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) (citing Link v. Wabash R.R. Co., 370 U.S. 626 (1961)). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986) (citing Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984)) (dismissal for failure to prosecute); Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (citing United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979)) (dismissal for failure to respond to a motion as required by local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order).

It has been almost three years since this case was stayed to allow petitioner to exhaust his additional claims, but despite petitioner's statements to the contrary, it does not appear that he has taken any steps to pursue his state court remedies or otherwise prosecute this action, particularly within the last sixteen months, during which he has failed to file regular status updates. Accordingly, petitioner will be required to show cause why the stay in this case should not be lifted and the case dismissed for failure to prosecute.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for court files and transcripts (ECF No. 49) is denied.

2. Within thirty days of the filing of this order, petitioner must show cause why the stay

should not be lifted and this case dismissed for failure to prosecute.  Failure to respond to this order will result in an order lifting the stay and a recommendation that the action be dismissed for failure to prosecute.

DATED: July 17, 2019

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE