UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON MONTGOMERY,<br><br>    Petitioner,<br><br>    v.<br><br>S. PERRY,<br><br>    Respondent. | No. 2:15-cv-1220 KJM AC P<br><br>ORDER and FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2245. For the reasons set forth below, the undersigned recommends that the district court dismiss this action without prejudice for failure to prosecute.

I.  Background

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Petitioner was convicted by a jury of sexual intercourse by force, oral copulation by force, and genital penetration with a foreign object by force. See id. at 2; see also People v. Aaron Boone Montgomery, No. C067823, 2013 WL 6255704, at *1 (Cal. Ct. App. Dec. 4, 2013).[1] Petitioner alleges he appealed his state court case on the grounds that the judge failed to instruct the jury on

---

[1] United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (citation and internal quotation marks omitted)).

battery as a lesser charge, and that his attorney failed to request adequate jury instruction. See ECF No. 1 at 2.

In July and August 2015, petitioner filed two motions to stay which were denied without prejudice because they were not in the proper form. ECF Nos. 8, 11. In September 2015, petitioner filed a third motion that was denied because petitioner failed to provide supplemental information regarding exhaustion that was necessary to determine whether a stay under Kelly v. Small was appropriate. ECF No, 15; see Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds, Robbins v. Carey, 481 F.3d 1143. Petitioner filed a fourth motion to stay on February 16, 2016, which this court recommended the district court grant. ECF No. 35. The undersigned explained that petitioner needed to exhaust any remaining state court remedies, and directed petitioner to file a case status report every sixty days and inform the court within thirty days of a decision by the state's highest court exhausting his new claims. Id. at 6-7. The district court adopted the findings and recommendations, and the case was administratively closed. ECF No. 36.

Petitioner initially filed regular status reports updating his address and advising the court generally that he was working on his petition. ECF Nos. 38-48. However, his final status update was received on March 1, 2018. ECF No. 48. In July 2019, nearly three years after this case was stayed to allow petitioner to exhaust additional claims, petitioner still had not taken steps to pursue state court remedies or otherwise prosecute this case. On July 15, 2019, the court received a request for court files and transcripts so petitioner could "move forward with seeking relief in State or Federal US Court." ECF No. 49. On July 18, 2019, this court denied petitioner's request and ordered petitioner to show cause as to why the stay should not be lifted and the case dismissed for failure to prosecute. ECF No. 50.

On August 12, 2019, petitioner responded to the court's order to show cause, and described personal family circumstances that he alleged made it impossible for him to prosecute his case. ECF No. 51. Specifically, he said that his mother had passed away in 2018. Id. In the fourteen months since petitioner's request that the stay not be lifted, petitioner has not filed any further status reports or updates.

II.     Discussion

Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to sua sponte dismiss actions for failure to prosecute. See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962). This court's Local Rules are in accord. See E.D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. Local Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Specifically, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Id. at 1260-61; accord, Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995), cert. denied, 516 U.S. 838 (1995). The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Although involuntary dismissal can be a harsh remedy, on balance the five relevant factors weigh in favor of dismissal of this action. The court, in its August 22, 2016 order and findings and recommendations expressly directed petitioner to inform the court of the exhaustion

3

1   of his unexhausted claims. ECF No. 35. The court also directed petitioner to file status updates.
2   Id. In the court's order to show cause, the court stated that "despite petitioner's statements to the
3   contrary, it does not appear that he has taken any steps to pursue his state court remedies or
4   otherwise prosecute this action." ECF No. 50 at 2. The court further explained that petitioner
5   had not diligently complied with prior court orders and filed regular status updates. Failure to
6   comply with these orders places the case at a standstill and delays the court from moving the case
7   toward resolution. Moreover, petitioner's nonaction indicates that petitioner does not intend to
8   litigate this action diligently. See Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)
9   ("The public's interest in expeditious resolution of litigation always favors dismissal."). Other
10  than a response that failed to indicate how petitioner is pursuing this action (ECF No. 51), since
11  this court's order to show cause, petitioner has failed to file any status updates or otherwise
12  comply with the general directives of this court. Any further time spent by the court on this case,
13  which petitioner has demonstrated a lack of any serious intention to pursue, will consume scarce
14  judicial resources and take away from other active cases. See Ferdik, 963 F.2d at 1261
15  (recognizing that district courts have inherent power to manage their dockets without being
16  subject to noncompliant litigants).
17        The third factor, prejudice to respondent, also weighs in favor of dismissal. At a
18  minimum, respondent has been prevented from attempting to resolve this case on the merits by
19  petitioner's unreasonable delay in prosecuting this action. Unreasonable delay is presumed to be
20  prejudicial. See In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.
21        The fifth factor, the availability of less drastic sanctions, also supports dismissal. The
22  court has pursued remedies that are less drastic than a recommendation of dismissal. See Malone
23  v. U.S. Postal Serv., 833 F.2d 128, 132 (9th Cir. 1987) (stating that an "explicit discussion of
24  alternatives is unnecessary if the district court actually tries alternatives before employing the
25  ultimate sanction of dismissal."), cert. denied, 488 U.S. 819 (1988); see also Henderson v.
26  Duncan, 779 F.2d 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short
27  of dismissal before finally dismissing a case, but must explore possible and meaningful
28  alternatives.") (citation omitted). The court has explicitly and repeatedly informed petitioner of

his obligations to provide status updates and to diligently pursue this case, and petitioner has failed to comply.  The court therefore concludes that sanctions other than dismissal are not appropriate.

The court also recognizes the importance of giving due weight to the fourth factor, which addresses the public policy favoring disposition of cases on the merits.  However, for the reasons set forth above, factors one, two, three, and five strongly support a recommendation of dismissal of this action, and factor four does not trump the remaining factors.  Dismissal is proper "where at least four factors support dismissal or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks omitted).  Under the circumstances of this case, the other relevant factors outweigh the general public policy favoring disposition of actions on their merits.  See Ferdik, 963 F.2d at 1263.

III.   Conclusion

Accordingly, IT IS HEREBY ORDERED that the stay of this case be lifted.

IT IS HEREBY RECOMMENDED that petitioner's petition for writ of habeas corpus (ECF No. 1) be dismissed without prejudice for failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 21, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE